IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRADESMEN INTERNATIONAL, INC.,

      Plaintiff,

vs.                                                     No. CIV 04-1065 DJS/WDS

DKD ELECTRIC COMPANY, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on DKD Electric Company, Inc.'s Motion, and Brief in Support Thereof, (1) to Dismiss Complaint for Lack of Jurisdiction, (2) to Dismiss the Complaint for Failure to State a Clam, and (3) For a More Definite Statement **[Doc. No. 4]**, filed November 22, 2004.  Defendant contends the Court lacks subject matter jurisdiction because Plaintiff "cannot meet the jurisdictional amount for diversity jurisdiction and prove with legal certainty that the amount meets the $75,000 jurisdictional requirement."  Pl.'s Br. in Supp. at 3. Second, Defendant contends Count I and Count II of Plaintiff's Complaint fail to state a claim. Finally, Defendant contends Plaintiff's Complaint is too vague and requests the Court require Plaintiff to plead the Complaint with more specificity.

Plaintiff counters that in Count I of its Complaint it alleges Defendant owes it $72,427.84. Additionally, Plaintiff has requested attorney's fees under the Client Services Agreement. Therefore, Plaintiff argues that reasonable fees in this case will clearly exceed the amount ($2,572.16) necessary to meet the jurisdictional amount required for diversity jurisdiction. Plaintiff also argues that damages under Count II can be aggregated with damages under Count I

to establish the jurisdictional amount of $75,000.  As to Defendant's motion to dismiss for failure

to state a claim, Plaintiff asserts Count I and Count II state claims upon which relief could be

granted.  Finally, Plaintiff contends Defendant's request for a more definitive statement has no

merit.

### Diversity Jurisdiction

"When a case is originally brought in federal court, the plaintiff's claimed amount is

presumed to support diversity jurisdiction."  *Martin v. Franklin Corp.*, 251 F.3d 1284, 1289

(10th Cir. 2001).  In addition, the amount in controversy is ordinarily determined by the

allegations of the complaint.  *Laughlin v. KMart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  A

plaintiff may aggregate two or more of his own claims to meet the jurisdictional amount of

$75,000.  *Leonhardt v. Western Sugar Co.*, 160 F.3d 631, 637 (10th Cir. 1998).

In Count I of his Complaint, Plaintiff seeks $72,427.84, stating "There remains due and

owing from Defendant to Plaintiff the sum of seventy-two thousand four hundred twenty-seven

dollars and eighty-four cents ($72,427.84) for the skilled trade labor provided."  Compl. ¶11.  In

Count II of the Complaint, Plaintiff seeks an unspecified amount, stating "Defendant is liable to

Plaintiff for Plaintiff's profit on the two million dollars ($2,000,000) in total billings by Plaintiff to

Defendant had Defendant honored the First Call Agreement."  Compl. ¶15.

Based on the allegations in Plaintiff's Complaint, the Court cannot find with legal certainty

that Plaintiff's claims will not meet the jurisdictional amount.  As Plaintiff asserts in his response,

"more than $2,572.16 is sought on Count II."  Pl.'s Resp. at 3; Gulley Aff. ¶ 4.  Accordingly,

Defendant's motion to dismiss for lack of jurisdiction is denied.

**Motion to Dismiss for Failure to State a Claim**

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996).  The Court may dismiss only if it is clear that plaintiff cannot prove any facts entitling it to relief, or that the court could not grant relief under any set of facts plaintiff could prove consistent with its allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991).  The court construes the facts and the reasonable inferences that might be drawn from them in favor of the plaintiff.  *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994).

Defendant claims Count I of Plaintiff's Complaint fails to state a claim because "Count I fails to address the basis for the purported $72,427.84 amount that DKD allegedly owes Tradesmen."  Def.'s Br. at 6.  A review of the Complaint indicates Plaintiff is alleging that it "agreed to forebear and forego seeking payment from Defendant the sum of $72,427.84 for skilled trade labor previously provided by Plaintiff to Defendant . . . ."  Compl. ¶ 5.  Plaintiff also alleges in its Complaint, "There remains due and owing from Defendant to Plaintiff the sum of seventy-two thousand four hundred twenty-seven dollars and eighty-four cents ($72,427.84) for the skilled labor provided."  Compl. ¶ 11.

As to Count II, Defendant contends it "is frivolous and fails to state a claim as it fails to set forth the conditions precedent to suit that would have to be fulfilled in order to have a claim for anticipatory breach."  Def.'s Br. at 5.  Defendant also argues "plaintiff cannot proceed for anticipatory breach unless the plaintiff was 'ready, willing, and able to perform its own obligations

under the contract when performance was due.'" *Id.*  Finally, Defendant claims "there are no damages capable of calculation . . . ." *Id.*

In response, Plaintiff claims it has met the requirements of Rule 8 of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks."  Fed.R.Civ.P. 8; Pl.'s Resp. at 3.  Additionally, Plaintiff contends it "did not plead performance by Plaintiff of a condition precedent to Defendant's performance because there were none."  *Id.*

Thus, it appears from the Complaint that in Count I Plaintiff seeks $72,427.84 which it alleges Defendant owes Plaintiff for skilled labor Plaintiff provided to Defendant.  Additionally, in Count II, Plaintiff alleges the parties entered into a contract and "by its words and conduct" Defendant has anticipatorily breached the contract.  Accepting the factual allegations of the complaint as true, the Court finds that Plaintiff's Complaint states claims upon which relief may be granted.  Accordingly, Defendant's motion to dismiss is not well taken and will be denied. Defendant's request for a more definite statement also is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that DKD Electric Company, Inc.'s Motion, and Brief in Support Thereof, (1) to Dismiss Complaint for Lack of Jurisdiction, (2) to Dismiss the Complaint for Failure to State a Claim, and (3) For a More Definite Statement **[Doc. No. 4]**, filed November 22, 2004, is DENIED.

_____

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**